IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| DIGITAL ALLY, INC. | ) |
| | ) |
| Plaintiff, | ) |
| | ) Case No. 22-2203-HLT-ADM |
| v. | ) |
| | ) |
| CULP MCAULEY, INC., et al. | ) |
| | ) |
| Defendants. | ) |
| | ) |

**ORDER**

This matter comes before the court on Defendants' Motion for Leave to File Under Seal Exhibits in Support of Defendants' Response in Opposition to Plaintiff's Motion for Temporary Restraining Order and Preliminary Injunction. (ECF 14.) By way of this motion, Defendants ask the court to allow them to file under seal Exhibits A-O to their publicly filed response to Plaintiff's publicly filed motion for a temporary restraining order and preliminary injunction. The only reason Defendants offer in support of their motion is that the exhibits contain "sensitive and confidential information that Defendants believe should be marked as confidential pursuant to a yet-to-be agreed-to protective order entered in this matter." (*Id.* at 2.) For a number of reasons discussed below, the motion is denied.

First, Defendants' motion does not address the legal standard for filing documents under seal. "Courts have long recognized a common-law right of access to judicial records." *Mann v. Boatright*, 477 F.3d 1140, 1149 (10th Cir. 2007). This right is not absolute, however, and a court has discretion to seal documents "where countervailing interests heavily outweigh the public interests in access to the judicial record." *United States v. Bacon*, 950 F.3d 1286, 1293 (10th Cir. 2020) (quotation omitted). The public's interests are presumptively paramount, and a party seeking to file documents under seal "must articulate a real and substantial interest that justifies

depriving the public of access to the records that inform [the court's] decision-making process." *Williams v. FedEx Corp. Servs.*, 849 F.3d 889, 905 (10th Cir. 2017) (quotation omitted). Defendants' motion does not articulate any such interest.

Second, it doesn't appear likely that there is a need for under-seal filings here. Plaintiff filed its Motion for Temporary Restraining Order and Preliminary Injunction and Memorandum in Support of the same with exhibits in the public record. (ECF 4, 5.) Likewise, Defendants filed their Response in Opposition in the public record (ECF 15), citing extensively to the exhibits they now seek to file under seal. So the proposed under-seal exhibits have been discussed in publicly available documents.

Third, the court has examined the exhibits Defendants seek to file under seal. They do not appear to contain particularly sensitive information.

For all of these reasons, the motion is denied.

But, out of an abundance of caution, the denial is without prejudice. To the extent Defendants seek to file a renewed motion, Defendants must first minimize the portions of the record they seek to file under seal and/or redact from the public record and then file a renewed motion in the public record that includes at least the following:

(A) identification of the portions of documents that Defendants ask the court to maintain under seal or allow to be redacted, which must be narrowly tailored to any asserted confidentiality interest(s);

(B) the confidentiality interest(s) to be protected and why such interest(s) outweighs the presumption of the public's right of access;

(C) a clearly defined and serious injury that would result in the absence of restricting public access;

(D) why no lesser alternative is practicable or why restricting public access will adequately protect the confidentiality interest in question; and

(E) the extent to which the motion is opposed or unopposed.

Furthermore, any renewed motion must be supported by affidavit(s) from Defendants themselves and/or citation to case law that supports any asserted confidentiality interests.

Given the expedited briefing schedule set by the court's June 9 Order (ECF 13), the deadline for Defendants to file any such renewed motion is **9:00 a.m. on June 23**. Any exhibits that are not the subject of a renewed motion must be filed in the public record by that same time. Should Defendants have any questions about this procedure, they are directed to contact the undersigned judge's chambers by 10:00 a.m. on June 22 to request an expedited telephone conference.

**IT IS THEREFORE ORDERED** that Defendants' Motion for Leave to File Under Seal Exhibits in Support of Defendants' Response in Opposition to Plaintiff's Motion for Temporary Restraining Order and Preliminary Injunction (ECF 14) is denied without prejudice to be renewed using the above-referenced procedure.

**IT IS SO ORDERED.**

Dated June 21, 2022, at Kansas City, Kansas.

 s/ Angel D. Mitchell
Angel D. Mitchell
U.S. Magistrate Judge