IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

DIGITAL ALLY, INC.,

    Plaintiff,

    v.

CULP MCAULEY, INC.,

    Defendant.

Case No. 22-2203-HLT-ADM

## ORDER

This matter comes before the court on Frederick H. Riesmeyer, II and Julie E. Parisi's (together, "movants") Motion to Withdraw (ECF 48.) By this motion, movants ask the court to allow them to withdraw as counsel for defendant Culp McAuley, Inc. ("Culp McAuley"), who would be left without counsel.

D. Kan. Rule 83.5.5(a) governs the withdrawal of an attorney when the client will be left without counsel. That rule provides:

> Withdrawal of an appearance for an attorney whose client will be left without counsel is authorized only upon court order. An attorney seeking to withdraw whose client will be left without counsel must:
>
>   . . . .
>
>   (4) file either:
>
>     (A) proof of personal service of the motion to withdraw or the certified mail receipt, signed by the client; or
>
>     (B) an affidavit indicating that the client received a copy of the motion to withdraw.

Movants' motion does not fully comply with this rule. Movants state that their motion "has been shared with Culp McAuley prior to its filing." (ECF 48, at 2.) Subsection (a)(4), however, requires movants to file either "proof of personal service of the motion to withdraw or

2

the certified mail receipt, signed by the client," or "an affidavit indicating that the client received a copy of the motion to withdraw." Movants have not satisfied either of these filing requirements.

**IT IS THEREFORE ORDERED** that movants Motion to Withdraw (ECF 48) is denied without prejudice to being refiled upon correction of the above-identified deficiency.

**IT IS SO ORDERED.**

Dated November 2, 2022, at Kansas City, Kansas.

s/ Angel D. Mitchell
Angel D. Mitchell
U.S. Magistrate Judge
