UNITED STATES DISTRICT COURT
DISTRICT OF KANSAS

| | |
|---|---|
| DIGITAL ALLY, INC., ) | |
|     Plaintiff, ) | |
| ) | |
| v. ) | Case No. 2:22-cv-02203-HLT-ADM |
| ) | |
| CULP MCAULEY, INC., et al., ) | |
|     Defendants. ) | |

### <u>DEFENDANT MARK DEPEW'S MOTION FOR SUMMARY JUDGMENT</u>

Defendant Mark Depew ("Depew"), by and through counsel, respectfully moves the Court under FED. R. CIV. P. 56 and Local Rule 56.1 to enter summary judgment in his favor on all claims brought against him by Plaintiff Digital Ally, Inc. ("Plaintiff").[1]

As more fully explained in his concurrently-filed brief in support of this motion, which Depew incorporates here by reference, Depew is entitled to judgment as a matter of law on all claims on which Plaintiff alleges Depew is liable as an alter ego of Defendant Culp McAuley, Inc. ("CMI"). The uncontroverted material facts, even when viewed in a light most favorable to Plaintiff, do not justify the Court's reluctant and cautious exercise of its power to pierce the corporate veil and hold Depew personally liable for CMI's alleged

---

[1] Depew previously moved to dismiss this case in part on the ground that this Court lacks personal jurisdiction over him. *See* Doc. 83, Defendant Mark Depew's Motion to Dismiss for Lack of Personal Jurisdiction and Failure to State a Claim; Doc. 99, Defendant Mark Depew's Reply in Support of Motion to Dismiss. Though the Court denied Depew's motion, finding that Plaintiff had adequately made a prima facie showing of personal jurisdiction at the pleading stage, Depew has continued to object to this Court's exercise of personal jurisdiction. *See* Doc. 111, Order, pp. 12-16; Doc. 139, Pretrial Order *Nunc Pro Tunc*, p. 2. By filing this motion for summary judgment, Depew does not concede that this Court has personal jurisdiction over him, and reserves the right to re-raise the issue later in these trial proceedings and/or in any subsequent appeal.

wrongdoing. *See Cyprus Amax Minerals Co. v. TCI Pacific Commc'ns, LLC*, 28 F.4th 996, 1006–07 (10th Cir. 2022). Most importantly, Depew was not an owner of CMI, and there are no facts that reasonably suggest he was allowed by the actual owners—Defendant Brandon Culp ("Culp") and Defendant Campbell McAuley ("McAuley")—to "dominate and control" the CMI entity so as to turn it into Depew's own instrumentality. *See United States v. Vernon*, 814 F.3d 1091, 1101 (10th Cir. 2016).

Likewise, Depew is entitled to judgment as a matter of law on Plaintiff's claims of fraudulent transfer under the Kansas Uniform Fraudulent Transfer Act, K.S.A. 33-201 *et seq.* ("KUFTA"). Because Depew is not an alter ego of CMI, Plaintiff cannot look to Depew individually to return the allegedly fraudulent transfers made by CMI as transferor. As for Plaintiff's attempt to disgorge transfers from Depew under the theory that he was the transferee or beneficiary of certain transfers, that theory also fails. Under any reasonable view of the uncontroverted material facts, Plaintiff has not and cannot show that any transfers to entities such as the publicly-traded Aftermaster, Inc. were either made to Depew as transferee, or were made for his benefit, as the KUFTA requires. *See* K.S.A. 33-208(b).

Even as to transfers that were arguably made to Depew or for his benefit, such as transfers to his solely-owned entity Cowboy MD LLC, the uncontroverted material facts cannot reasonably support a finding that these transfers were constructively or actually fraudulent. The undisputed testimony of Culp, McAuley, and Depew was that these transfers were commissions paid to Depew for valuable services he rendered to CMI.

2

Because CMI received reasonably equivalent value in exchange for these payments, as a matter of law the transfers were not constructively fraudulent. For similar reasons, including the fact that Plaintiff was not a "creditor" of CMI at the time the transfers were made, there is simply no evidence from which a rational factfinder could conclude that such transfers were made with actual intent to defraud Plaintiff.

  WHEREFORE, and as more fully explained in his concurrently-filed brief in support of this motion, Depew respectfully requests that the Court enter summary judgment in his favor on all claims brought against him by Plaintiff. Depew further requests any other relief as this Court deems just and proper.

             Respectfully submitted,

             **LEWIS RICE LLC**

             By: /s/Daniel R. Luppino
             Daniel R. Luppino, Kan. #25354
             Ashlyn Buck Lewis, Kan. #25132
             1010 Walnut, Suite 500
             Kansas City, Missouri 64106
             Tel: (816) 421-2500
             Fax: (816) 472-2500
             drluppino@lewisricekc.com
             alewis@lewisricekc.com

             *Attorneys for Defendant Mark Depew*

## CERTIFICATE OF SERVICE

I hereby certify that on January 5, 2024, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system, which will send a notice of electronic filing to all registered users, and further that I served copies of the same via electronic mail to the following:

Michael T. Dyson
SULLIVAN & WORCESTER LLP
1666 K Street, NW, 7th Floor
Washington, D.C. 20006
Tel:  (202) 775-1200
Fax:  (202) 293-2275
mdyson@sullivanlaw.com

David E. Danovitch
Christopher K. Shields
SULLIVAN & WORCESTER LLP
1633 Broadway, 32nd Floor
New York, New York 10019
Tel:  (212) 660-3000
Fax:  (212) 660-3001
ddanovitch@sullivanlaw.com
cshields@sullivanlaw.com

Leslie Kulick
THE LAW OFFICE OF LESLIE KULICK, LLC
11117 Juniper Drive
Leawood, Kansas 66211
Tel:  (913) 451-7927
kulicklaw@gmail.com

*Attorneys for Plaintiff Digital Ally, Inc.*

Brandon Culp
brandonaculp@gmail.com

*Defendant Pro Se*

Campbell McAuley
cfmcauley@gmail.com

*Defendant Pro Se*

/s/ Daniel R. Luppino

*Attorney for Defendant Mark Depew*